IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' TRAINING TRUST FUND, NORTHERN ILLINOIS LABORERS' ANNUITY FUND, NORTHERN ILLINOIS AND IOWA LABORERS' HEALTH AND WELFARE TRUST, NORTH CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL, SOUTHERN ILLINOIS LABORERS' DISTRICT COUNCIL, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL, WEST CENTRAL ILLINOIS BUILDING AND CONSTRUCTION TRADES COUNCIL, TRI-COUNTY CONSTRUCTION–LABOR MANAGEMENT COUNCIL, LABORERS' OF ILLINOIS VACATION FUND, SOUTHERN ILLINOIS LABORERS' AND EMPLOYER' HEALTH, WELFARE AND ANNUITY FUND, SOUTHWESTERN ILLINOIS LABORERS' ANNUITY FUND, LABORERS'– EMPLOYERS' COOPERATIVE EDUCATION TRUST (LECET), LABORERS' POLITICAL LEAGUE, FOUNDATION FOR FAIR CONTRACTING, and LABORERS' LOCAL #165, #477 and #996 FUNDS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | )    No. |
| CENTRAL ILLINOIS CONSTRUCTION, INC., | ) ) ) |
| Defendant. | ) |

## **COMPLAINT**

### **COUNT I**
### **(PAYROLL AUDIT)**

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through

its attorneys, Cavanagh & O'Hara, complaining of the Defendant, CENTRAL ILLINOIS

1

CONSTRUCTION, INC., and allege as follows:

1.      This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1145, and the Labor Management Relations Act, as amended, 29 U.S.C. 185(a).

2.      The Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, are employee benefit funds administered pursuant to the terms and provisions of Agreements and Declarations of Trust creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §§1001 *et seq.*  The address and place of business of the Plaintiffs is Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267.

3.      The Central Laborers' Pension, Welfare and Annuity Funds are the collection agents for the other named Plaintiffs which are employee benefit funds, labor organizations, labor-management committees, and/or funds established pursuant to collective bargaining agreements between the Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union.

4.      That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. §1002 (5), (11), (12) and (14).  Defendant employs individuals who are members of, and represented by Laborers' International Union of North America, and said individuals are participants in Plaintiffs' employee benefit funds, pursuant to Participation Agreements by and between Defendant and Plaintiffs.  Said Participation Agreements are attached hereto and incorporated herein as **Exhibit A**.

5.      The Defendant's address is Peoria, Illinois 61602.

6.      Pursuant to ERISA, 29 U.S.C. §1145, the Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the Agreements and Declarations of Trust.  Plaintiffs' Agreements and Declarations of Trust, in pertinent part, are attached hereto and incorporated herein as **Exhibits B, C, D, E and F**.

7.      Pursuant to the Trust Agreements, Plaintiffs are authorized and empowered to examine the payroll books and records of the Defendant to determine whether it is making full payment as required under such Agreements.

8.      That Plaintiffs have made demand upon the Defendant to permit an audit for the period from January 1, 2003 through current, but Defendant has refused to satisfy said demand. A copy of said demand is attached hereto and incorporated herein as **Exhibit G**.

9.      That pursuant to ERISA, 29 U.S.C. §1132(g)(2), and the Agreements and Declarations of Trust, the Defendant is liable for reasonable attorney fees.

10.     Attached hereto and incorporated herein as **Exhibit H** is the Affidavit of John T. Long in support of his request for attorney fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A.      That an account be taken by the Plaintiffs for the period from January 1, 2003 through current, as to wages received and hours worked by Defendant's employees to determine amounts required to be paid by the Defendant to the Plaintiffs;

B.      That Defendant be decreed to pay to the Plaintiffs all such monies determined to be due, audit costs, liquidated damages and interest and statutory remedies, for all contributions due and owing at the time Judgment is entered;

C.      That Defendant be specifically required to perform and continue to perform all its

3

obligations to Plaintiffs, particularly to furnish to the Plaintiffs the required contribution reports and payments heretofore referred to, or in lieu thereof, a statement covering the period for which said report is required that Defendant had no employees for whom contributions are required to be made;

D.    That Defendant be decreed to pay all costs attendant to any audit of Defendant's payroll books and records pursuant to the respective Agreements and Declarations of Trust of the Plaintiffs;

E.    That Defendant be decreed to pay to the Plaintiffs its reasonable attorney fees in the amount of $1,204.08 as provided by ERISA, 29 U.S.C. §1132(g)(2), and the respective Agreements and Declarations of Trust of the Plaintiffs;

F.    That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## COUNT II
### (DELINQUENT CONTRIBUTIONS)

10.    Plaintiffs replead and incorporate by reference herein each and every allegation in paragraphs 1 through 9 above.

11.    Defendant owes Plaintiffs delinquent contributions, liquidated damages and report form shortages for the months of March and June through August 2006 in the amount of $11,596.27. A breakdown of this amount is attached hereto and incorporated herein as **Exhibit I.**

12.    Plaintiffs have made demand upon the Defendant for the liquidated damages, but Defendant has refused to satisfy said demand.  A copy of said demand is attached hereto and incorporated herein as **Exhibit G**.

WHEREFORE, Plaintiffs pray as follows:

A.    For a Judgment in favor of Plaintiffs and against Defendant for delinquent

4

contributions, liquidated damages and report form shortages due and owing for the months of March and June through August 2006, in the total amount of $11,596.27;

      B.      That Defendant be decreed to pay to the Plaintiffs its reasonable attorney fees in the amount of $1,204.08 as provided by ERISA, 29 U.S.C. Section 1132(g)(2), and the respective Agreements and Declarations of Trusts of the Plaintiffs;

      C.      That Defendant be decreed to pay all costs attendant to these proceedings; and

      D.      That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

CENTRAL LABORERS' PENSION FUND, *et al.*,
Plaintiffs,

By:          s/ John T. Long
          JOHN T. LONG
          **CAVANAGH & O'HARA**
          407 East Adams
          Post Office Box 5043
          Springfield, IL 62705
          Telephone (217) 544-1771
          Fax (217) 544-9894
          johnlong@cavanagh-ohara.com

**E-FILED**
Monday, 05 February, 2007  04:35:51 PM
Clerk, U.S. District Court, ILCD

Agreements on File

Central IL Construction, Inc.
827 E. War Memorial Dr.
Peoria, IL  61616-7675

| | | |
|---|---|---|
| Participation Agreement | Laborers' Local #996 | Executed 12/05/00 |
| Signature Page | Laborers' Local #996 | Executed 12/05/00 |
| Participation Agreement | Laborers' Local #165 | Executed 04/24/00 |
| Signature Page | Laborers' Local #165 | Executed 04/24/00 |
| Signature Page | Laborers' Local #477 | Executed 02/24/05 |

**EXHIBIT**

_A_

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _Central___ Illinois Const_ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, as all defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, as all defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

$ ~~2.80~~ 3.00 per hour to Central Laborers' Pension Fund

_____ per hour to Industry Advancement Fund

2.70 per hour to Central Laborers' Welfare Fund

4% Working Dues (% ~~percent~~ percent of gros wages

* 2.00 per hour to Central Laborers' Annuity Fund

.15 p/h LECET .05 employee deduction .10 contractor contribut

.25 per hour to Illinois Laborers' and Contractors' Training Trust Fund

_____ Other _____

.~~10~~ p/h Other Organizational Fund

* 1.00 p/h ~~MRFFC~~xxxx Vacation Fund   * Overtime hours paid at the overtime rate

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND. This agreement covers the Metamora Tennis Courts project only

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|

**SIGNATURE REDACTED**

_Central Illinois Conc_
Name of Business

827 E War Memorial Dr.
Address

Peoria Ill 61614
City/State/Zip Code

688-4500
Telephone

Authorized Signature

Authorized Signature
VICE PRESIDENT

Title
12-5-00

Authorized Signature
Executive Administrator
Title

UNION

Territory in which Agreement signed: Local 996

DEC 2000 RECEIVED

Authorized Signature
Business Manager

Title

Date

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union

(Rev. 7/95) 2M

by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8.    This Agreement shall remain in full force and effect through April 30, 2003, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.    The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this ___24th___ day of ___April___ 19 _2000_.

ACCEPTED:

**SIGNATURE REDACTED**

LABORERS' LOCAL UNION NO. #___

BY: _____
        (Business Manager)

NORTH CENTRAL IL LABORERS'
DISTRICT COUNCIL

BY: _____
        (Business Manager)

Central Illinois Construction, Inc.

_____
        (Contractor Name)

BY: _____
        (Name & Title)

_____
        (Address)

_____
        (City, State & Zip Code)

_____
        (Telephone Number)

_____
        (Facsimile Number)

_____
        (Federal Employer Identification Number)

-5-

7. The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8. This Agreement shall remain in full force and effect through April 30, 2003, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this ___5___ day of DEC 2000.

ACCEPTED:

**SIGNATURE REDACTED**

LABORERS' LOCAL UNION NO. _996_

BY: _____
     (Business Manager)

CENTRAL ILLINOIS CONSTRUCTION
(Contractor Name)

BY: _____ VICE PRE
     (Name & Title)

827 E WAR MEMORIAL DR
(Address)

NORTH CENTRAL IL LABORERS'
DISTRICT COUNCIL

BY: _____
     (Business Manager)

PEORIA ILL 61614
(City, State & Zip Code)

688-4500
(Telephone Number)

_____
(Facsimile Number)

_____
(Federal Employer Identification Number)

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between    **Central Illinois Construction, Inc.**    (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, as all heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

    _3.35_ per hour to Central Laborers' Pension Fund          _.12_ per hour to Industry Advancement Fund

    _2.70_ per hour to Central Laborers' Welfare Fund  _Dental_    _3.25_ Working Dues (% or cents per hour)

    _2.50_ per hour to Central Laborers' Annuity Plan          _.15_ LECT

    _.25_ per hour to Illinois Laborers' and Contractors'          _.08_ Other  _BLDG  TRADES_
    Training Trust Fund                                         _.06_ Other  _TRI CON_

    _____ MRFFC                                              _.03_        _MROC_

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| **SIGNATURE REDACTED** | |
| _CENTRAL ILLINOIS CONST_ | |
| Name of Business | Authorized Signature |
| _807 E. Lake Dr._ | Executive Administrator |
| Address | Title |
| _Pekin IL 61614_ | |
| City/State/Zip Code | **UNION** |
| _Gee E 4500_ | |
| Telephone | Territory in which Agreement signed: Local _#165_ |
| Authorized Signature | Authorized Signature |
| _Pres_ | _Field Rep._ |
| Title | Title |
| _4/24/00_ | _4-24-2000_ |
| Date | Date |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer

MAR-03-2005 THU 10:17 AM
3:07-cv-03039-JES-CHE    #1-2    Page 12 of 39
FAX NO.    P. 12
B-24-05 04:50 PM    LABORERS-LOCAL#77    217 5220090    P.04
Feb 24 05 09:49a    Central Illinois Constructi    3096884800    p.6
FED-22-05 A1:43 PM    CI...    LABORERS...

CENTRAL ILLINOIS BUILDERS OF A.G.C.
(ASSOCIATION)
AND
SOUTHERN & CENTRAL ILLINOIS LABORERS'
DISTRICT COUNCIL (UNION)

Whereas, the Association and the Union agree that it is in the best interest of the construction industry to maintain a drug-free workplace; and

Whereas, a drug-free workplace is best accomplished by maintaining an industry wide comprehensive drug program similar to the EBOLT Program;

Therefore, be it understood that the parties agree that they will strive to reach a mutual Agreement on an industry wide Program has been developed and the financing secured, by the Association, the Program shall be implemented.

| Central Illinois Builders of A.G.C. | Southern & Central Illinois Laborers' District Council |
|---|---|
| Scott Larish, Director of Labor Relations | John R. Taylor, Business Manager |
| May 1, 2003 | May 1, 2003 |
| Dated: | Dated: |

48    49

With respect to the duration of said Agreement.

(2) That the undersigned firms agree to cover employees working under the terms of this Agreement with (a) Workmen's Compensation Insurance, and (b) Illinois State Unemployment Compensation Insurance, as provided by the Unemployment Compensation Act.

**ARTICLE 23**
**ENTIRE AGREEMENT OF PARTIES**

Section 1: This represents the entire Agreement of the Parties. The Employer understands that the Union is a fraternal society and as such and in keeping with the provisions of the Labor Management Relations Act of 1947 as amended, has the right to prescribe its own rules and regulations with respect to any other matters for its own use. However, such rules or regulations whether contained in the bylaws, constitution, or otherwise, shall have no effect, directly or indirectly, upon the Collective Bargaining Agreement, any employment relationship or the relationship between the parties.

Section 2: Individual contractors signatory hereto who are not members of said Association agree to be bound by any amendments, extensions or changes in this Agreement agreed between the Union and the Association, and further agree to be bound by the terms and conditions of all subsequent contracts negotiated between the Union and the Association, unless ninety (90) days prior to the expiration of this or any subsequent agreement, the non-member contractor notifies the Union in writing that it revoked such authorization. Further, said non-member contractor agrees that notice served by the Union upon said Association and the Mediation Service for reopening and termination or commencement of negotiations shall constitute notice upon the contractors signatory hereto.

46

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially bind said parties under the provisions of this Agreement.

SIGNED THIS 1ST day of May, 2003.

CENTRAL ILLINOIS BUILDER OF AGC

SOUTHERN & CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL

Executive Vice President, having authority to sign on behalf of said firm and being authorized their legislative rights to the Association.

Business Manager

Accepted this 24 day of FEB 11 05 by:
CENTRAL ILLINOIS CONSTRUCTION

Signed

PRESIDENT

**SIGNATURE
REDACTED**



47

**E-FILED**
Monday, 05 February, 2007  04:36:03 PM
Clerk, U.S. District Court, ILCD

# RESTATED AGREEMENT

## AND

## DECLARATION OF TRUST

## OF THE

## CENTRAL LABORERS'

## PENSION FUND

EXHIBIT

_B_

selection within thirty (30) days, shall jointly petition the Circuit Court of Morgan County, Illinois, for the selection of the third arbitrator by a judge of said Court.

(b)    The questions for the arbitrators shall be whether, in the particular instance, the Claim Committee (1) was in error upon an issue of law, (2) acted arbitrarily or capriciously in the exercise of its discretion, or (3) whether its findings of fact were supported by substantial evidence.

(c)    The decision in writing of any two arbitrators shall be final and binding upon the Claimant and the Trustees. The procedures specified in this Section shall be the sole and exclusive procedures available to a Claimant.

(d)    The arbitration shall be conducted in Morgan County, Illinois, in accordance with the usual rules governing procedure and admission of evidence in Courts of law in said County and State.

(e)    Each party to the arbitration shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration.

# ARTICLE VI

## CONTRIBUTIONS TO THE FUND

**Section 1. BASIS OF CONTRIBUTIONS TO PLAN.** In order to effectuate the purpose hereof, each Employer shall contribute to the Fund the amount required by any written agreement as defined herein between the Union or the Trust and the Employer. The rate of contributions shall at all times be governed by the applicable written Agreement then in force and effect, together with any amendments, supplements or modifications thereto provided, however, that in the case of an Employer who is required to make contributions by reason of his being party to a written agreement other than a Collective Bargaining Agreement the amount of contribution required shall be identical to the amount required by the Collective Bargaining Agreement in effect between the Employer Association and the Local Union having jurisdiction over the geographical area in which the covered Employees perform work. It shall not be a defense to any claim by the Trustees or an Employee for delinquent contributions from an Employer that such Employer had entered into an agreement with any employee purporting to waive the employee's right to strict compliance with the provisions of the applicable Collective Bargaining Agreement or other written agreement. With respect to the amount of contributions required thereby no employee shall be permitted to contract or otherwise agree with or permit his employer to provide wage or benefit payments which do not conform to the aforesaid requirements and any such contract or agreement shall be null and void.

**Section 2. EFFECTIVE DATE OF CONTRIBUTIONS.** All contributions shall be made effective as required by the applicable written agreement and shall continue to be paid as long as the Employer is so obligated.

20

Section 3. REPORT ON CONTRIBUTIONS AND PRODUCTION OF RECORDS. The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Pension Plan. The Trustees may, on reasonable notice, have an audit made by an independent certified public accountant or its representatives or such other person or persons as designated by the Trustees of all records of the Employer as described in Article IV, Section 8, in connection with the Employer's contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Administrator from the beginning of such Employer's participation in the Fund forward unless given written authorization for variance by the Administrator. All such records shall be maintained for a period of ten (10) years unless earlier destruction of the same is authorized by the Trustees. The Trustees shall require the Employer to designate the classification of all of his employees and if the Employer fails to do so, after being requested to do so by the Trustees, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the results of said investigation shall be conclusive.

Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Trust by his Employer and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent personal liability for owners or partners who are not otherwise incorporated.

Each employer, by agreeing to be bound by the terms hereof, acknowledges and agrees that liquidated damages, as set forth in Section 7 hereinbelow, remain due and owing irrespective of the payment or not of the underlying contributions for which the liquidated damages were assessed, and failure to pay liquidated damages duly assessed shall constitute a default in payment pursuant to Section 6 of this Article.

Section 4. BOND OR DEPOSIT. The Trustees are hereby given the power and authority, in their discretion, to require any Employer to deposit with the Trustees, in advance, as a guarantee for the payment of monthly contributions, an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees. At the option of the Trustees, the Employer shall furnish the Trustees in lieu of any cash deposit a bond in an amount not less than Five Thousand Dollars ($5,000.00), nor more than Fifteen Thousand Dollars ($15,000.00) or an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees, whichever is greater, secured by a corporate surety.

Section 5. MODE OF PAYMENT. All contributions shall be due and payable on the

21

fifteenth (15th) day of the month next following the calendar month in which eligible employees perform work with respect to which contributions are required. The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed forty-five (45) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA.

Section 6. DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. The Trustees may take any action necessary to enforce payment of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

Section 7. LIQUIDATED DAMAGES. All Employers not paying contributions within fifteen (15) days from the date they are originally due, or the due date as extended as provided above, shall pay in addition to said contributions liquidated damages in the amount of ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, and said damages shall be paid with the delinquent contributions. Each Employer party to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to defer administrative costs arising by said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, each Employer acknowledges these costs to be minimally ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, waiving the necessity of any additional proof thereof.

Section 8. INTEREST. Delinquent contributions shall bear interest at such rate as may have been established by the Trustees prior to determining the existence of the delinquency. Trustees may determine and establish from time to time the appropriate interest rate for delinquencies and when the delinquencies shall commence to bear interest. The Trustees shall have the authority to waive the foregoing interest charge in the event the delinquent Employer executes a note or enters into an installment payment agreement providing for payment of said delinquency on such terms as acceptable to the Trustees under the circumstances.

Section 9. COLLECTION COSTS. Except as hereinafter provided in this Article, in the event an Employer becomes delinquent in his contributions, said delinquent Employer shall be liable for all reasonable costs incurred in the collection process including court fees, attorneys' fees, filing fees, and any other expenses actually incurred by the Trustees in the course of the collection process.

Section 10. AUDITS AND THE COSTS THEREOF. The Trustees shall have the authority to audit the records of the Employer as described in Article IV, Section 8, for the purposes of determining the accuracy of contributions to the Pension Fund. In the event it becomes necessary for the Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit, the Employer shall be liable for all reasonable costs incurred including court fees, attorneys' fees, filing fees, audit cost, and any other expenses actually incurred by the Trustees in the course of the action, without regard to whether the Employer did or did not owe delinquent contributions.

In the event an audit determines that there are no delinquent contributions due the Fund, other than in situations as noted in the above paragraph, the Fund shall pay the entire Audit Cost. In the event the audit determines that there are delinquent contributions due the Fund which were

22

intentionally not paid by the Employer, the entire Audit Cost shall be assessed against the Employer. Intentional non-payment shall include, but not be limited to, issuance of a check or other order for payment that is not honored by the bank or other institution on which it is drawn and shall include non-payment due to lack of funds on the part of the Employer.

In the event an audit determines that there are delinquent contributions which are unintentional, the Employer shall be assessed a proportion of the audit costs, if any, based upon a formula which shall be set from time to time by the Trustees in their discretion and reflected in the Minutes of the particular meeting where the formula is adopted or changed.

Section 11. REFUND OF CONTRIBUTION. Upon application by the payor, the Fund may refund to the payor contributions it has paid to the Fund in error, being contributions which were not due and payable to this Fund in the first place, provided (a) application for a refund is made to the Fund office within sixty (60) months of the date the same were paid to the Fund, and (b) it is determined by the Fund that the previous receipt and acceptance of said contributions by the Fund has not and will not create any reasonably foreseeable liability on the part of the Fund.

## ARTICLE VII

## PLAN OF BENEFITS

Section 1. BENEFITS. The Trustees shall have full authority to determine all questions of the nature, amount and duration of benefits to be provided based on what it is estimated the Fund can provide without undue depletion or excessive accumulation, provided, however, that the Trustees shall exercise such authority within the limits and in accordance with the requirements of Title I, Subtitle B, Part 2, or any other applicable provisions of ERISA and any applicable rules and regulations promulgated pursuant thereto.

The Board of Trustees shall draft procedures, regulations and conditions for the operation of the Plan, including by way of illustration and not limitation; condition of eligibility for Employees, procedure for claiming benefits, schedules of type and amount of benefits to be paid, and procedure for the distribution of benefits; provided, however, that all such rules and regulations adopted by the Trustees shall be general in their application and no special or particular treatment shall be accorded to any employee.

Section 2. RECIPIENT OF BENEFITS. Benefits may be provided in accordance with Section 1 of this Article only for Employees (as defined in ARTICLE I, Section 2, of this Agreement), their families and/or dependents.

Section 3. ELIGIBILITY REQUIREMENT FOR BENEFITS. The Trustees shall have full authority to determine eligibility requirements for benefits and to adopt rules and regulations setting forth same which shall be binding on the employees and their dependents.

Section 4. BASIS OF PROVIDING BENEFITS. Benefits shall be provided and

23

E-FILED
Monday, 05 February, 2007  04:36:16 PM
Clerk, U.S. District Court, ILCD

# RESTATED AGREEMENT
# AND
# DECLARATION OF TRUST
# OF THE
# CENTRAL LABORERS'
# WELFARE FUND

**2003**

EXHIBIT

C

# ARTICLE V

## CONTRIBUTIONS TO THE FUND

**Section 1. BASIS OF CONTRIBUTIONS TO PLAN.** In order to effectuate the purpose hereof, each Employer shall contribute to the Fund the amount required by any written agreement as defined herein between the Union or the Trust and the Employer. The rate of contributions shall at all times be governed by the applicable written Agreement then in force and effect, together with any amendments, supplements or modifications thereto, provided, however, that in the case of an Employer who is required to make contributions by reason of his being party to a written agreement other than a Collective Bargaining Agreement in the amount of contribution required shall be identical to the amount required by the Collective Bargaining Agreement in effect between the Employer Association and the Local Union having jurisdiction over the geological area in which the covered Employees perform work. Ti shall not be a defense to any claim by the Trustees or an Employee for delinquent contributions from an Employer that such Employer had entered into an agreement with any employee purporting to waive the employee's right to strict compliance with the provisions of the applicable Collective Bargaining Agreement or other written agreement. With respect to the amount of contributions required thereby no employee shall be permitted to contract or otherwise agree with or permit his employer to provide wage or benefit payments which do not conform to the aforesaid requirements and any such contract or agreement shall be null and void.

**Section 2. EFFECTIVE DATE OF CONTRIBUTIONS.** All contributions shall be made effective as required by the applicable written agreement and shall continue to be paid as long as the Employer is so obligated.

**Section 3. REPORT ON CONTRIBUTIONS AND PRODUCTION OR RECORDS.** The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Welfare Plan. The Trustees may, on reasonable notice, have an audit made by an independent certified public accountant or its representatives or such other persons as designated by the Trustees of all records of the Employer as described in Article IV, Section 8, in connection with the Employer's contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures develop and communicated by the Administrator from the beginning of such Employer's participation in the Fund forward unless given written authorization for variance by the Administrator. All such records shall be maintained for a period of ten (10) years unless earlier destruction of the same is authorized by the Trustees. The Trustees shall require the Employer to designate the classification of all of his employees and if the Employer fails to do so, after being requested to do so by the Trustees, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the result of said investigation shall be conclusive.

20

Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Trust by his Employer and where such audit discloses any willful violation of any requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct. Nothing herein shall prevent personal liability for owner or partners who are not otherwise incorporated.

Each employer, by agreeing to be bound by the terms hereof, acknowledges and agrees that liquidated damages, as set forth in Section 7 herein below, remain due and owing irrespective of the payment or not of the underlying contributions for which the liquidated damages were assessed, and failure to pay liquidated damages duly assessed shall constitute a default in payment pursuant to Section 6 of this Article.

**Section 4. BOND OR DEPOSIT**.  The Trustees are hereby given the power and authority, in their discretion, to require any Employer to deposit with the Trustees, in advance, as a guarantee for the payment of monthly contributions, an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees.  At the option of the Trustees, the Employer shall furnish the Trustees in lieu of any cash deposit a bond in an amount of not less than Five Thousand Dollars ($ 5,000), nor more than Fifteen Thousand Dollars ($ 15,000) or an amount equal to three (3) times the monthly contributions of such Employer, as estimate by the Trustees, whichever is greater, secured by a corporate agency.

**Section 5. MODE OF PAYMENT**.  All contributions shall be due and payable on the fifteenth (15th) day of the month next following the calendar month in which eligible employees perform work with respect to which contributions are required.  The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed forty-five (45) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA.

**Section 6. DEFAULT IN PAYMENT**. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments.  The Trustees may take any action necessary to enforce payments of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

**Section 7.  LIQUIDATED DAMAGES**.  All Employers not paying contributions within fifteen (15) days from the date they are originally due, or the due date as extended as provide above, shall pay in addition to said contributions liquidated damages in the amount of ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($ 25.00), whichever is greater, and said damages shall be paid with the delinquent contributions. Each Employer party to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to defer administrative costs arising by said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, each Employer acknowledges these costs to be at least ten percent (10%) of the delinquent contributions o Twenty-five Dollars ($25.00), whichever

21

is greater, waiving the necessity of any additional proof thereof.

**Section 8. INTEREST**. Delinquent contributions shall bear interest at such rate as may have been established by the Trustees prior to determining the existence of the delinquency. Trustees may determine and establish from time to time the appropriate interest rate for delinquencies and when the delinquencies shall commence to bear interest. The Trustees shall have the authority to waive the foregoing interest charge in the event the delinquent Employer executes a note or enters into an installment payment agreement providing for payment of said delinquency on such terms as acceptable to the Trustees under the circumstances.

**Section 9. COLLECTION COSTS**. Except as hereinafter provided in this Article, in the event an Employer becomes delinquent in his contributions, said delinquent Employer shall be liable for all reasonable costs incurred in the collection process including court fees, attorneys' fees, filing fees, and any other expenses actually incurred by the Trustees in the course of the collection process.

**Section 10. AUDITS AND THE COSTS THEREOF**. The Trustees shall have the authority to audit the records of the Employer as described in Article IV, Section 8, for the purposes of determining the accuracy of contributions to the Welfare Fund. In the event it becomes necessary for the Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit, the Employer shall be liable for all reasonable costs incurred including court fees, attorney's fees, filing fees, audit costs, and any other expenses actually incurred by the Trustees in the course of action, without regard to whether the Employer did or did not owe delinquent contributions.

In the event an audit determines that there are no delinquent contributions due the Fund, other than in situations as noted in the above paragraph, the Fund shall pay the entire Audit Cost. In the event the audit determines that there are delinquent contributions due the Fund which were intentionally not paid by the Employer, the entire Audit Cost shall be assessed against the Employer. Intentional non-payment shall include, but not be limited to, issuance of a check or other order for payment that is not honored by the bank or other institution on which it is drawn and shall include non-payment due to lack of funds on the part of the Employer.

In the event an audit determines that there are delinquent contributions which are unintentional, the Employer shall be assessed a proportion of the audit costs, if any, based upon a formula which shall be set from time to time by the Trustees in their discretion and reflected in the Minutes of the particular meeting where the formula is adopted or changed.

**Section 11. REFUND OF CONTRIBUTION**. Upon application by the payer, the Fund may refund to the payer contribution it has paid to the Fund in error, being contributions which were not due and payable to this Fund in the first place, provided (a) application for a refund is made to the Fund office within sixty (60) months of the date the same were paid to the Fund, and (b) it is determined by the Fund that the previous receipt and acceptance of said contributions by the Fund has not and will not create any reasonable foreseeable liability on the part of the Fund.

22

**E-FILED**
Monday, 05 February, 2007  04:36:28 PM
Clerk, U.S. District Court, ILCD

# RESTATED DECLARATION OF TRUST

## ESTABLISHING

## ILLINOIS LABORERS' AND CONTRACTORS'

## TRAINING TRUST FUND

September 26, 1995



ARTICLE IV

CONTRIBUTIONS AND COLLECTIONS

Section 4.1 Employer Contributions.

(a)  Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union.  An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligations shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b)  Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Fund for the payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c)  Each individual Employer only shall be responsible for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law.  Under no cicumstances shall the Association or any other employers association or groups be responsible for contributions, payments or other obligations of

15

(d) <u>Work Outside Jurisdiction.</u> In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

<u>Section 4.2 Receipt of Payment and Other Property of Trust.</u> The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 5.3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

<u>Section 4.3 Collection and Enforcement of Payments.</u> The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

<u>Section 4.4 Production of Records.</u> Each Employer shall promptly furnish to the

16

Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.5  The Trustees may require the payment by Employers of liquidated damages (as provided in the applicable collective bargaining agreement or provided in a schedule established by the Trustees) and of other costs and expenses (such, as without limitation, attorney's fees, filing fees and costs of service of papers) incurred by the Trustees and arising out of the collection of such Employers' delinquent contributions.

Section 4.6  Non-payment, by any Employer, of any contribution or other monies owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

17

E-FILED
Monday, 05 February, 2007  04:36:40 PM
Clerk, U.S. District Court, ILCD

RESTATED AGREEMENT

AND

DECLARATION OF TRUST

OF THE

LABORERS' AND EMPLOYERS'
COOPERATIVE TRUST
OF ILLINOIS

EXHIBIT

E

## ARTICLE VII

### Participation and Contributions

7.01. PARTICIPATION: Participation in the Trust shall be open to all employers in the Industry in Illinois which employ laborers represented by LIUNA, District Councils or the Local Unions, and to associations of such employers; subject to the absolute discretion of the Board of Trustees to accept, reject or expel from participation in the Trust. The Board is empowered to condition participation on execution of such participation agreements or forms as the Board may promulgate, and on such other conditions as the Board deems necessary or appropriate. A participant may terminate its participation in the Trust by submitting a written notice of such action to the Board at any time, except to the extent that the participant is bound by a collective bargaining agreement, a participation agreement, or some other agreement requiring participation in the Trust. Termination of participation shall not excuse any Employer from indebtedness to the Trust for all contributions and other payments due for the period before the effective date of the termination. The Board is empowered to deem the purported termination of an Employer ineffective until such time as all indebtedness to the Trust by the Employer is satisfied.

7.02. CONTRIBUTIONS: The primary source of funding for the Trust shall be collectively-bargained Employer contributions. Each Employer shall contribute to the Trust in such amounts as set forth in its collective bargaining agreement with LIUNA, the District Councils, or a Local Union, or as set forth in some other written agreement authorized by the Board of Trustees. The financial responsibility of an Employer to the Trust shall be limited to making such contributions and to any default payments required by this Article, and no Employer shall be liable for contributions owed by another, separate Employer. Contributions shall be paid to the Trust in such manner and

20

at such times as the Board of Trustees shall determine. For administrative convenience, the Board may enter into arrangements with employee benefit plans sponsored by LIUNA, the District Councils or Local Unions for joint collection of Employer contributions.

7.03. DEFAULT IN PAYMENT: Employers which fail to pay the contributions or other payments owed the Trust when due may be expelled, at the Board's discretion, from participation in the Trust. In addition to any other remedies to which the Trust or the Board of Trustees is entitled, any Employer which fails to pay contributions or other payments owed within thirty (30) days of when due shall be liable to the Trust for interest at the rate of one-and-one-half percent (1½%) per month (or, if lower, the highest rate of interest permitted by applicable law) from the due date through the date of payment, as well as for all expenses of collection incurred by the Trust, including attorneys' fees and court costs. The Board is empowered to institute proceedings at law or equity, and to take any other lawful action, to collect contributions and otherwise enforce an Employer's obligations. The Board shall be entitled to institute collection and enforcement proceedings in court or otherwise without regard to any grievance or arbitration procedure set forth in any collective bargaining agreement or other agreement. The Board shall be entitled to assert all applicable liens, claims and priorities available under federal or state law against an Employer to secure payment of amounts owed. It is specifically agreed and understood that the Trustees are authorized to contract with any other fund or funds for auditing and collection of delinquent contributions and that the District Councils, unions, associations, contributing and signatory employers acknowledge, agree and understand that the fund procedures of the collecting fund shall be utilized and followed.

7.04. CONTRIBUTION REPORT: Employers shall submit to the Trust such written reports or documents as the Board of Trustees may deem necessary or appropriate to collect and

substantiate contributions.

7.05. AUDITS: Employers, at the request of the Board of Trustees, shall submit to an audit by a certified public accountant or accountancy firm of the appropriate records of the Employer to verify that the correct amount of contributions or of other payments due has been or will be paid and for no other purpose.

## ARTICLE VIII

### Amendment and Termination

8.01. AMENDMENT BY BOARD: This Trust Agreement may be amended, in whole or in part, at any time by the Board of Trustees by a duly executed written instrument; provided that no amendment shall violate applicable law or alter the fundamental purpose of the Trust; and provided further that no amendment shall permit the net earnings of the Trust to inure to the benefit of LIUNA, any Local Union, the District Councils affiliated with the Midwest Region, any Employer, or any other individual or entity, except to the extent permitted by applicable law, including the applicable provisions of the Internal Revenue Code. Any such amendment shall be deemed as part of this Trust Agreement and shall be binding on the Board, LIUNA, the Local Unions, the District Councils affiliated with the Midwest Region, the Employers and all other parties dealing with the Trust. The Board is empowered to fix such effective date for an amendment as it deems necessary or appropriate.

8.02. TERMINATION OF TRUST: This Trust Agreement and the Trust may be terminated at any time by the Board of Trustees; provided that such action shall be confirmed by a duly executed written instrument; and provided further that no termination by the Board shall be effective until written notice is delivered to LIUNA's Regional Manager and to the Associations

22

E-FILED
Monday, 05 February, 2007  04:36:50 PM
Clerk, U.S. District Court, ILCD

# RESTATED AGREEMENT & DECLARATION

## OF TRUST FOR THE

# NORTHERN ILLINOIS AND IOWA LABORERS

## HEALTH & WELFARE TRUST

**EXHIBIT**

F

## ARTICLE V

### Contributions and Collections

Section 1. The Trustees may require from the Employers any and all records of Employees concerning the classification of such Employees, their names, Social Security numbers, the amount of wages paid and hours worked, and such other payroll records and information as the Trustees may require in connection with the administration of the Trust and for no other purpose. The Trustees, or any authorized employee or representative of the Trustees, shall have the right, at all reasonable times during business hours, to enter upon the premises of any Employer obligated to make Employer Contributions to the Trust and to audit and copy such of foregoing records as may be necessary. Representatives of the Trustees authorized to make the aforesaid examination of payroll records will be furnished proper credentials by the Trustees.

In the event such an audit determines that there are no delinquent contributions due the Trust, the Trust shall pay the entire cost of the audit. In the event the audit determines that there are delinquent contributions due the Trust which were intentionally not paid by the Employer, the entire amount of the audit may be assessed against the Employer. Intentional nonpayment shall include, but not be limited to, issuance of a check or other order for payment that is not honored by the bank or other institution on which it is drawn, nonpayment due to lack of funds on the part of the Employer or failure to file the reports set forth in Article V, Section 2 hereof.

In the event an audit determines that there are delinquent contributions which are unintentional, the Trustees may assess the Employer a proportion of the audit costs up to the amount of the delinquency; provided, however, no portion of the audit costs shall be assessed in the event an audit determines that: (1) the delinquency is less than or equal to an amount

19

determined by multiplying Twenty-Five Dollars ($25.00) by the total number of years (or portion

thereof) that were audited; or (2) the delinquency is less than or equal to an amount determined

by multiplying one-fourth (1/4) of one (1%) times the total contributions paid to the Trust by the

Employer during the audited period.

<u>Section 2.</u>

(a)   Every Employer shall be required to file a properly executed report with the Trust of the hours worked by each Employee covered by an applicable Agreement providing for payments herein for every calendar month, together with the contribution due and owing the Trust as reflected by said report.

(b)   Reports shall be filed on or before the day of the month following the month for which the report is due as determined by the Trustees. In addition to being fully assessable for audit costs as set forth in Article V, Section 1 hereof, if an Employer fails to file said report and make payment of the Employer Contributions due and owing, as reflected by said report within the time prescribed herein, or willfully files a false report, the Trustees may impose upon the Employer a penalty of such reasonable and uniform amounts as the Trustees from time to time may determine.

(c)   It is specifically agreed that acceptance of any delinquent or false report and the contributions as reflected thereby by the Trust shall not constitute a waiver of any penalty which may be due and owing thereon as hereinabove set forth.

(d)   In the event the Trustees are required to file suit by reason of an Employer's failure to maintain his monthly Employer Contributions or pay any charges assessed under this Article V, and a judgment is rendered in favor of the Trustees, as part of said judgment, a reasonable amount of attorney's fees and court costs shall be awarded them by the court.

(e)   In the event the trustees are required to file suit by reason of fan Employer's failure to maintain his monthly Employer Contributions and a judgment is rendered in favor of the Trustees, as part of said judgment, a reasonable amount of attorney's fees and court costs shall be awarded them by the court.

E-FILED
Monday, 05 February, 2007 04:36:59 PM
Clerk, U.S. District Court, ILCD

# CAVANAGH & O'HARA
### Attorneys At Law

William K. Cavanagh

Michael W. O'Hara

Patrick J. O'Hara

James P. Moody

John T. Long

Britt W. Sowle

Of Counsel
Michael J. Masterson, P.C.

407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

*Swansea Office*
1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Telefax (618) 222-6755

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 629-3141
Telefax (312) 855-0445

December 28, 2006

## *FIRST AND FINAL NOTICE*

**Via Certified & Regular Mail**
Central IL Construction, Inc.
827 E. War Memorial Drive
Peoria, IL 61616-7675

Re:    **Delinquent Contributions, Liquidated Damages Due & Audit**

Dear Employer:

Please be advised, this office serves as counsel to the Central Laborers' Pension, Welfare and Annuity Funds. Enclosed please find a copy of a breakdown received from Central Laborers' with regard to your delinquent contributions and liquidated damages due. As you will note, the breakdown shows **$11,596.27** is due and owing from your company to the Fund for delinquent contributions and outstanding liquidated damages.

In order to carry out their fiduciary obligations under the Employee Retirement Income Security Act of 1974, the Trustees of the above mentioned Fringe Benefit Funds periodically conduct audits of all contributing employers for the purpose of ensuring accuracy in contribution reports and payment of contributions. The employers to be audited are selected on a systematic basis by the above Funds' Delinquency Committee and at this time the Committee has authorized the Accounting Firm of Romolo and Associates to audit your records for the period of January 1, 2003 to as current as possible.

**Please contact our office at (217) 544-1771 to make arrangements to schedule the audit and also remit a check in the amount of $11,596.27 made payable to Central Laborers' Pension, Welfare and Annuity Funds** *to this office* **on or before Monday, January 8, 2007. If you do not contact our office to arrange payment, then we will have no alternative but to file formal legal proceedings to collect the same.** As you know, this will result in additional costs and inconvenience to you, including assessment of our attorneys' fees in collecting the same. Please avoid these consequences by immediate payment of the same.

**EXHIBIT**
**G**

Page Two
Central IL Construction, Inc.                                    December 28, 2006

Should you have any questions, please do not hesitate to contact this office.

Very truly yours,

John T. Long

SIGNATURE
REDACTED

Enclosure
cc:     Central Laborers' Pension, Welfare and Annuity Funds/Dan Koeppel

F:\files\CENTRAL\Central IL Const\L-dmd.dc.audit.wpd

E-FILED
Monday, 05 February, 2007  04:37:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, et. al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| CENTRAL ILLINOIS CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT IN SUPPORT OF ATTORNEY FEES

JOHN T. LONG, having first been duly sworn on oath, states that the following itemization

accurately represents the time and costs expended by this office in this cause:

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 12/27/06 | Received and reviewed letter from Fund Office. | .10 |
| 12/27/06 | Received and reviewed correspondence from Fund Office; addition to Delinquency Status Report; open file. | .30 |
| 12/28/06 | Preparation of demand letter via certified and regular mail; calendar response. | .70 |
| 01/16/07 | Research Secretary of State for corporate information; preparation of Complaint, Civil Cover Sheet; Certificate of Interest and Summons; assemble exhibits. | 1.50 |
| | Preparation of Affidavit in Support of Attorney Fees. | .25 |
| | Telephone conference with Peoria County Sheriff's Department regarding service fee. | .10 |
| 02/01/07 | Final review of Complaint with exhibits, Civil Cover Sheet, Certificate of Interest, Summons. | .40 |
| 02/02/07 | Revise and finalize Complaint, Summons, Certificate of Interest, Civil Cover Sheet; assembly of full Complaint with exhibits; Email to U.S. District Court for opening of new case. | 1.00 |
| | TOTAL HOURS 1.10 X $185.00 PER HOUR | $203.50 |
| | TOTAL HOURS 3.25 X $195.00 PER HOUR | $633.75 |



EXHIBIT

H

| | |
|---|---|
| U.S. District Court - Filing Fee | $350.00 |
| Peoria County Sheriff's Department - Service Fee | $16.83 |
| **TOTAL FEES AND COSTS** | **$1,204.08** |

FURTHER THIS AFFIANT SAYETH NAUGHT.

s/ John T. Long
JOHN T. LONG
**CAVANAGH & O'HARA**
407 East Adams
P. O. Box 5043
Springfield, IL 62705
Telephone (217) 544-1771
Fax (217) 544-9894
johnlong@cavanagh-ohara.com

SUBSCRIBED and SWORN to before me this 2nd day of February 2007.

SIGNATURE
REDACTED

Notary Public

"OFFICIAL SEAL"
PATRICIA J. ROBINSON
Notary Public, State of Illinois
My Commission Expires Feb. 16, 2010

F:\files\CENTRAL\Central IL Const\A-Fee.wpd

E-FILED
Monday, 05 February, 2007  04:37:23 PM
Clerk, U.S. District Court, ILCD

December 12, 2006

Central IL Construction, Inc.
827 E. War Memorial Dr.
Peoria, IL  61616-7675

Delinquent Contributions Due: (08-10/06 L.165,538,996)

| | |
|---|---|
| Pension | $3,047.85 |
| Annuity | 1,168.97 |
| NC Welfare | 3,738.17 |
| NIW | 33.57 |
| Work Dues | 314.10 |
| Building | 12.50 |
| BL Trades | 25.00 |
| Tri-Con | 10.00 |
| IAF/CIBIAf | 83.09 |
| Taining | 383.40 |
| LECET | 127.24 |
| MRFFC | 38.90 |
| MROC | 20.00 |
| MPF | 97.78 |
| Vacation | 501.34 |
| LPL | 3.43 |
| Sub Total | $9,605.34 |
| Liquidated Damages | 960.53 |
| Total | $10,565.87 $10,565.87 |

Liquidated Damages Assessments:

| | | | |
|---|---|---|---|
| Jun-06 | Local 165 | $84.47 | |
| Jun-06 | Local 996 | 99.39 | |
| Jul-06 | Local 165 | 197.34 | |
| Jul-06 | Local 165 | 157.57 | |
| Jul-06 | Local 538 | 476.63 | |
| Total | | $1,015.40 | $1,015.40 |

Report Form Shortage:

| | | | |
|---|---|---|---|
| Mar-06 | Local 165 | $15.00 | |
| Total | | $15.00 | $15.00 |

| | |
|---|---|
| Grand Total Due | $11,596.27 |

EC/DD/Centrai IL Constr., Inc./Breakdown



EXHIBIT
I

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Cavanagh & O'Hara          (217) 544-1771

407 East Adams Street, Springfield, IL 62701

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
E.R.I.S.A., 29 U.S.C. Sec. 1145

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
Undetermined

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
2/2/07

SIGNATURE OF ATTORNEY OF RECORD
s/ John T. Long

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.